CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for

MAY 14 2007

JOHN F. CORCORAN, CLERK
BY: H McCreaO
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JORGE ESTRADA, | ) |
| Petitioner, | ) Civil Action No. 7:07-cv-00082 |
| v. | ) MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) By: Hon. Jackson L. Kiser |
| | ) Senior United States District Judge |
| Respondent. | ) |

Jorge Estrada, a federal inmate proceeding pro se, brings this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.[1] Estrada challenges the validity of his 2002 sentence for conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846. He claims that the court should have departed downward when imposing sentence on him because as a deportable alien, he will not be eligible for some less restrictive forms of confinement. I find that Estrada's § 2255 motion must be dismissed as untimely.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA amended 28 U.S.C. § 2255 to include a time limit for the filing of a motion under 28 U.S.C. § 2255, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Estrada styled his pleading as a motion for sentencing adjustment. Because he appeared to be challenging the length of his sentence, the court construed the motion as a § 2255 case and notified Estrada of his opportunity to elect within ten days whether or not he wished the court to address the motion as one arising under § 2255. See Castro v. United States, 540 U.S. 375 (2003). When Estrada did not respond to the court's order, the court served the § 2255 motion on the government. A few weeks later, the court entered another order, warning Estrada that as a § 2255 motion, his pleading appeared to be untimely filed and giving him opportunity to explain to the court why it should nevertheless be considered. Estrada responded, stating that he did not file sooner because he was ignorant of the law.

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, as amended April 24, 1996.

To determine whether Estrada's motion is timely filed, I must find the most recent date under subsections (1) - (4) set forth above. Estrada has not alleged any facts suggesting that he has been prevented from filing his motion due to governmental action, that the motion is based on a right that has been newly recognized by the Supreme Court, or that the facts supporting his claim could not have been discovered earlier through the exercise of due diligence. The court, therefore, finds that subsections (2), (3), and (4) do not apply to Estrada's case.

Under § 2255 para. 6(1), the limitation period for a movant to file his motion § 2255 begins to run on the date on which the judgment of conviction became final. A defendant's conviction becomes final when the defendant's opportunity for direct review of the district court's judgment expires. See United States v. Clay, 537 U.S. 522, 525 (2003). A defendant convicted in federal court has ten business days from the entry of judgment in which to file a notice of appeal. Fed. R. App. P. 4(b)(1).

Estrada plead guilty, pursuant to a written plea agreement, in May 2002 to one count of conspiracy to distribute narcotics. I sentenced him September 3, 2002, to serve a ninety-month term of incarceration, and the court entered judgment against him on September 5, 2002. He did not appeal. He signed and dated this § 2255 motion on February 10, 2007.

Estrada's conviction because final for purposes of the AEDPA on September 19, 2002, when his ten days to appeal expired. One year later, on September 19, 2002, his one year period in which to file a timely § 2255 motion expired. Even assuming that Estrada delivered his § 2255 motion to prison authorities for mailing on February 10, 2007, see Houston v. Lack, 487 U.S. 266 (1988) (prisoner pleadings considered filed on date delivered to prison authorities for mailing), it is clear that Estrada's motion was not filed within one year of the date on which it

2

became final. Thus, I conclude that Estrada's motion for relief is untimely under § 2255 para. 6(1).

Estrada argues that the court should, nevertheless, consider his § 2255 motion because he was ignorant of the law. Equitable tolling of a statutory limitation period is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutcherson, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. Harris, 209 F.3d at 330. As lack of legal knowledge, Estrada's only offered excuse for filing his motion more than one year after his conviction became final, is not sufficient grounds for equitable tolling, I do not find that tolling of the filing period is warranted in this case. Accordingly, I will dismiss his § 2255 motion as untimely. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry

of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 14th day of May, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge